UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHRISTOPHER MAZUR,

            Plaintiff,            Case No. 1:13-cv-1206

v.                                       Honorable Paul L. Maloney

CAROL HOWES et al.,

            Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis* and he has paid an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Howes, Beachum, and Unknown Parties, for failure to state a claim. The Court will allow service of the complaint against Defendants Desmond and Watson.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff Christopher Mazur is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility, though his complaint concerns events that occurred while he was incarcerated at the Lakeland Correctional Facility (LCF). In his second amended complaint (docket #14), he names the following LCF employees as Defendants: Warden Carol Howes, Assistant Resident Unit Supervisor (ARUS) (unknown) Desmond, Captain (unknown) Watson, and Sergeant (unknown) Beachum. In addition, it appears that he intends to sue "unknown Yard Officers on 2nd. Shift" at LCF and an unidentified "Supervis[ing] Officer" outside the "med. line" area on the date of the incident at issue (collectively, "Unknown Parties"). (*See* 2d Am. Compl., docket #14, Page ID#47.)

Plaintiff alleges that on September 23, 2011, he informed the ARUS in charge of "B-Unit," Defendant Desmond, that Plaintiff was being "[e]xtorted by a [g]ang to pay to stay on the prison yard[.]" (*Id.* at Page ID#48.) Defendant Desmond allegedly did nothing in response to Plaintiff's concern and "refuse[d] to protect or offer protection" to Plaintiff. (*Id.*) Plaintiff also informed Captain Watson that Plaintiff was "being extorted by [a] gang to pay to stay on the yard and in his housing unit." (*Id.*) Watson allegedly did nothing other than tell Plaintiff that he would be moved to another unit until he could be transferred to another prison.

On the evening of October 3, 2011, Plaintiff was called to the "med-line" in the prison yard. (*Id.* at Page ID#45.) After receiving his medication, Plaintiff walked back toward his unit. There were no lights in the yard and it was dark. Another prisoner walked up to Plaintiff in the darkness, grabbed him by the "hair/head," stabbed him, and cut his neck. (*Id.*) Plaintiff ran to

the guard shack in front of C-unit for help, but found that it was empty. He then ran to A-unit, where he told an officer on duty that he had been stabbed in the neck.

Plaintiff claims that Defendants Howes, Watson, and Beachum failed to ensure that the prison officials responsible for supervising the prison yard were on duty in their assigned posts, and failed to ensure that the yard was adequately supervised, thereby violating prison policy governing prison conditions, MDOC Policy Directive 03.03.130, and the prohibition against cruel and unusual punishment in the Eighth Amendment. He also claims that Defendants Desmond and Watson failed to respond to his requests for help, in violation of the same prison policy and the Eighth Amendment.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation

of this right, Plaintiff must show that the defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that the plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety"). Moreover, deliberate indifference on the part of the prison official "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

At this stage of the proceedings, the Court concludes that Plaintiff states a plausible Eighth Amendment claim against Defendants Desmond and Watson for failing to respond to Plaintiff's stated concerns regarding extortion by other prisoners. In contrast, Plaintiff does not state an Eighth Amendment claim against the other Defendants. He claims that Defendants Beachum, Howes, and/or Unknown Parties failed to ensure that other officials were on duty on the night that Plaintiff was attacked, or failed to ensure that the prison yard was safe; however, Plaintiff does not allege that these Defendants were aware of, and deliberately disregarded, a specific risk of serious harm to Plaintiff's health or safety. Negligence alone is not sufficient to give rise to an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835.

### B. Supervisory Liability

To the extent Plaintiff sues Defendants Howes, Beachum, or Unknown Parties based on the actions of their subordinates, he does not state a claim. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff does not allege that Defendants Beachum, Howes, or Unknown Parties engaged in any active unconstitutional conduct. Consequently, he fails to state a claim against them.

### C. Prison Policy

Plaintiff also contends that Defendants violated prison policy. A defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*,

954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Thus, an alleged failure to comply with prison policy is not sufficient to give rise to a § 1983 claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Beachum, Howes, and Unknown Parties will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will allow service of the complaint against Defendants Desmond and Watson.

An Order consistent with this Opinion will be entered.


Dated:   March 14, 2014                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge