UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHRISTOPHER MAZUR, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-1206 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CAROL HOWES, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's *pro se* complaint, filed in October 2013, involves events that allegedly took place on October 3, 2011, when plaintiff was housed at the Florence Crane Facility in Coldwater, Michigan. Plaintiff asserts that he was attacked by another inmate, who slit his throat while plaintiff was walking from the medical line back to his housing unit in darkness. Plaintiff asserts that defendants Desmond and Watson were deliberately indifferent to a known threat against plaintiff by gang members. By order entered March 14, 2013, Chief Judge Paul Maloney dismissed several defendants but allowed the claims against Desmond and Watson to proceed on an Eighth Amendment theory.

Plaintiff has now filed a perfunctory motion for a preliminary injunction. (docket # 21). The injunction asks for unspecified relief against Kevin James Daniel Brewer, the prisoner who allegedly attacked plaintiff at the Florence Crane Facility. Plaintiff also seeks unspecified relief against "any Lakeland Correctional Facility staff," as plaintiff asserts that there "may be retaliation

taken for this suit." Plaintiff also asks for injunctive relief against unidentified persons, preventing plaintiff or his witness (Raymond Hammond) from being transferred to the Lakeland Correctional Facility. Plaintiff does not explain why he fears being transferred to the Lakeland Correctional Facility, but presumably his alleged attacker, Brewer, is housed there.

The standards governing the issuance of preliminary injunctive relief are well settled in the Sixth Circuit. They are: (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the grant of injunctive relief. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). But in the present case, it is not necessary to address the traditional standards, because plaintiff's request for injunctive relief falls so far outside of the scope of relief available to a litigant in his position. The party seeking a preliminary injunction must show a relationship between the irreparable injury alleged in the motion and the claims pending in his complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he believes to be actionable, especially when the named defendants have no control over the conditions of confinement about which plaintiff complains in his motion. Furthermore, a preliminary injunction cannot be issued restraining persons who are not already parties in the case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

None of plaintiff's requests for relief is proper in this case. First, plaintiff seeks some sort of relief against Kevin Brewer, the inmate who allegedly attacked plaintiff three years ago. Brewer is not a defendant in this case, nor could he be, as state prisoners do not act under color of

state law and therefore are not proper defendants in a section 1983 action. Plaintiff is not entitled to relief against "any Lakeland Correctional Facility staff" on a number of grounds. Those unidentified staff members are not parties to this case, nor do they have any ability to affect plaintiff's safety, as plaintiff is now housed in the Oaks Correctional Facility 235 miles away. Finally, plaintiff is not entitled to an order forbidding his transfer to the Lakeland Correctional Facility. Plaintiff has alleged no reason to believe that any such transfer is even contemplated. To obtain preliminary injunctive relief, a plaintiff must demonstrate irreparable harm that is "both certain and immediate, rather than speculative or theoretical." *NACCO Materials Handling Grp., Inc. v. Toyota Materials Handling U.S.A., Inc.*, 246 F. App'x 929, 943 (6th Cir. 2007). On the present record, there is no reason to believe that the Michigan Department of Corrections has any intention of transferring plaintiff to the Lakeland Correctional Facility nor is there any indication that he or his witness would face irreparable harm if transferred there.

**Recommended Disposition**

Plaintiff's motion for preliminary injunction is completely insubstantial. I recommend that it be denied.


Dated: May 27, 2014              /s/ Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).